Unsealed 03/09/10
~~Sealed~~

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Civil Action No. _____

# 10-80309

FILED by SB D.C.

FEB 23 2010

STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. - MIAMI

JANE DOE No. 103,

        Plaintiff,

v.

JEFFREY EPSTEIN,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe No. 103 ("Plaintiff"), brings this Complaint against Defendant, Jeffrey Epstein ("Defendant"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times material to this cause of action, Plaintiff was a resident of Palm Beach County, Florida.

2. This Complaint is brought under a fictitious name to protect the identity of Plaintiff because this Complaint makes sensitive allegations of sexual assault and abuse of a then minor.

3. At all times material to this cause of action, Defendant owned a residence located at 358 El Brillo Way, Palm Beach, Palm Beach County, Florida.

4. Defendant is presently a citizen of the United States Virgin Islands. Pursuant to the plea agreement entered by the Defendant in state court and the sentencing which occurred on June 30, 2008, Defendant is currently under community control in Palm Beach County, Florida.

Sealed

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

5. Defendant is an adult male born on January 20, 1953.

6. This Court has jurisdiction over this action and the claims set forth herein pursuant to 18 U.S.C. § 2255.

7. This Court has venue of this action pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

8. At all relevant times, Defendant was an adult male spanning the ages of 45 and 55 years old. Defendant is known as a billionaire financier and money manager with a secret clientele limited exclusively to billionaires. He is a man of tremendous wealth, power, and influence. He owns a fleet of aircraft that includes a Gulfstream IV, a helicopter, and a Boeing 727, as well as a fleet of motor vehicles. Until his incarceration pursuant to the plea entered and sentencing, which occurred on June 30, 2008, he maintained his principal place of residence in the largest dwelling in Manhattan, a 51,000-square-foot eight-story mansion on the Upper East Side. He also owns a $6.8 million mansion in Palm Beach, Florida, a $30 million 7,500-acre ranch in New Mexico he named "Zorro," a 70-acre private island known as Little St. James in the U.S. Virgin Islands, a mansion in London's Westminster neighborhood, and another residence in the Avenue Foch area of Paris. The allegations herein concern Defendant's conduct while at his lavish residence in Palm Beach and numerous other locations both nationally and internationally.

9. Defendant has a sexual preference for underage minor girls. He engaged in a plan, scheme, or enterprise in which he gained access to countless vulnerable and relatively economically disadvantaged minor girls, and sexually assaulted, molested, and/or exploited these girls, and then gave them money.

10. Beginning in or around 1998 through in or around September 2007, Defendant used his resources and his influence over vulnerable minor girls to engage in a systematic pattern of sexually exploitative behavior.

11. Defendant's plan and scheme reflected a particular pattern and method. Defendant coerced and enticed impressionable, vulnerable, and relatively economically less fortunate minor girls to participate in various acts of sexual misconduct that he committed upon them. Defendant's scheme involved the use of underage girls, as well as other individuals, to recruit underage girls. Defendant and/or an authorized agent would call and alert Defendant's assistants shortly before or after he arrived at his Palm Beach residence. His assistants would call economically disadvantaged and underage girls from West Palm Beach and surrounding areas who would be enticed by the money being offered and who Defendant and/or his assistants perceived as less likely to complain to authorities or have credibility issues if allegations of improper conduct were made. The then minor Plaintiff and other minor girls, some as young as 14 years old, were transported to Defendant's Palm Beach mansion by Defendant's employees, agents, and/or assistants in order to provide Defendant with "massages."

12. Many of the instances of illegal sexual conduct committed by Defendant were perpetrated with the assistance, support, and facilitation of at least three assistants who helped him orchestrate this child exploitation enterprise. These assistants would arrange times for underage girls to come to Defendant's residence, transport or cause the transportation of underage girls to Defendant's residence, escort the underage girls to the massage room where Defendant would be waiting or would enter shortly thereafter, urge the underage girls to remove their clothes, deliver cash from Defendant to the underage girls and/or their procurers at the conclusion of each "massage appointment," and assist Defendant in taking nude photographs

and/or videos of the underage girls with and/or without their knowledge. Defendant would pay the procurer of each girl's "appointment" hundreds of dollars.

13. Defendant designed this scheme to secure a private place in Defendant's Palm Beach mansion where only persons employed and invited by Defendant would be present, so as to reduce the chance of detection of Defendant's sexual abuse and/or exploitation, as well as to make it more difficult for the minor girls to flee the premises and/or to credibly report his actions to law enforcement or other authorities. The girls were usually transported by his employee(s), agent(s), and/or assistant(s) and/or by taxicab(s) and/or motor vehicle(s) paid for by Defendant, which also made it difficult for the girls to flee his mansion.

14. Upon her initial arrival at Defendant's Palm Beach mansion, each underage victim would generally be introduced to one of Defendant's assistants, who would gather the girl's personal contact information. The minor girl would be led up a remote flight of stairs to a room that contained a massage table and a large shower.

15. At times, if it was the girl's first "massage" appointment, another female would be in the room to "lead the way." Generally the other female would leave, or Defendant would dismiss her. Often, Defendant would start his massage wearing only a small towel, which eventually would be removed. Defendant and/or the other female would direct the girl to massage him, giving the minor girl specific instructions as to where and how he wanted to be touched, and then direct her to remove her clothing. Defendant would then perform one or more lewd, lascivious, and sexual acts, including masturbation; fondling the minor's breasts and/or sexual organs; touching the minor's vulva, vagina, and/or anus with a vibrator, back massager, his finger(s), and/or his penis; digitally penetrating her vagina; performing intercourse, oral sex, and/or anal sex; and/or coercing or attempting to coerce the girl to engage in lewd acts and/or

Podhurst Orseck, P.A.

4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

prostitution and/or enticing the then minor girl to engage in sexual acts with another female in Defendant's presence. The exact degree of molestation and frequency with which the sexual exploitations took place varied and is not yet completely known; however, Defendant committed such acts regularly on a daily basis and, in most instances, several times a day. In order to facilitate the daily exchanges of money for sexual assault and abuse, Defendant kept U.S. currency readily available.

16. Defendant traveled out of Florida to Palm Beach for the purpose of luring minor girls to his mansion to sexually abuse and/or batter them. He used the telephone to contact these minor girls for the purpose of coercing them into acts of prostitution and to enable himself to commit sexual battery against them and/or acts of lewdness in their presence, and he conspired with others, including his employee(s), assistant(s), driver(s), pilot(s), and/or agent(s), to facilitate these acts and to avoid police detection. Defendant's systematic pattern of sexually exploitative behavior described above also occurred in Defendant's other domestic and/or international residences, places of lodging, and/or modes of transportation.

17. Consistent with the foregoing plan and scheme, Defendant used his money, wealth, and power to unduly and improperly manipulate and influence the then minor Plaintiff. A vulnerable young girl, Plaintiff was merely a seventeen year old high school student when she was first lured into Defendant's sexually exploitative world in or about January 2004. Plaintiff was recruited while at work by a co-worker, one of the minor victims Defendant paid to procure underage females. Plaintiff went to Defendant's Palm Beach mansion accompanied by this co-worker. Upon arriving, Plaintiff was led by one of Defendant's assistants up a flight of stairs to a spa room with a shower and a massage table. Defendant entered this room wearing only a towel. Defendant suddenly removed his towel, exposing his naked body, and then lay on the massage

Podhurst Orseck, P.A.                                     5

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

table. Defendant told Plaintiff to massage his back and take off her clothing, which she refused to do. Defendant then began to try to touch the minor Plaintiff and/or take off her clothing. After Defendant's relentless pawing, she reluctantly removed some of her clothing. During this encounter, Defendant turned over on his back and fondled Plaintiff's breasts, despite her repeatedly telling him not to do so. As Plaintiff massaged Defendant, Defendant proceeded to masturbate until ejaculation. Defendant then paid Plaintiff two hundred dollars, and Plaintiff was escorted out of Defendant's mansion and left Defendant's property.

18. A similar pattern of grooming continued, and the sexual exploitation progressively escalated, over the course of approximately seventeen months during which Defendant would often travel to Palm Beach. Prior to arriving and while in Palm Beach, Defendant and/or his agent(s) would frequently call Plaintiff at her home telephone number and/or other telephone numbers, arranging for encounters with her for Defendant, sometimes twice daily. While usually such contacts were made by his assistants, Defendant personally called Plaintiff repeatedly, despite being told to leave Plaintiff alone. After the first few encounters, Defendant coerced Plaintiff to remove all her clothing, and Defendant penetrated the minor Plaintiff's vagina digitally. Defendant sexually abused and/or battered and/or exploited Plaintiff at least a hundred times between approximately January 2004 and May 2005. Such exploitation included, but was not limited to, Defendant's sexual abuse and battery of Plaintiff with vibrator(s), back massager(s), his finger(s), and his penis. At times, Defendant manipulated Plaintiff to interact sexually with another female. During one encounter, Defendant penetrated the minor Plaintiff's vagina with his penis, all the while narrating and demonstrating his sexual battery of Plaintiff to another female present in the room. While some of the precise dates that Defendant's acts of sexual exploitation occurred are unknown to Plaintiff, these dates are known

Podhurst Orseck, P.A.      6

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

to Defendant, as he and/or his assistants kept written records, some of which are in the custody of law enforcement, of each instance in which he committed lewd acts upon minor girls, including the then minor Plaintiff.

19. Defendant's preference for underage girls was well-known to those who regularly procured them for him. The above-described acts of abuse began to occur during a time when Defendant knew that Plaintiff was a minor. Defendant, at all times material to this cause of action, knew and/or should have known of Plaintiff's age of minority. In fact, Defendant repeatedly urged the minor Plaintiff to become legally emancipated in order to accompany him as he traveled, both nationally and internationally. Additionally, Defendant, knowing that Plaintiff was merely seventeen years old, lured her by inviting her to stay with him at his mansion in Manhattan and arranging and/or paying for airplane tickets, theater tickets, and a personal chauffeur as gifts for her upcoming birthday.

20. As part of Defendant's persistent process of grooming Plaintiff and immersing her in his lewd and abusive lifestyle, Defendant regularly showered the adolescent Plaintiff with gifts, including, but not limited to lingerie, flowers, bikini bathing suit(s), art book(s), purse(s), envelopes of U.S. currency, use of a car, and/or other accoutrements.

21. Defendant possessed photographs of nude underage girls, some of which may have been taken with hidden cameras set up in his residence in Palm Beach. On the day of Defendant's arrest, police found two hidden cameras and photographs of underage girls in Defendant's mansion. Defendant took lewd photographs of Plaintiff with his hidden cameras and transported lewd photographs of Plaintiff and other victims elsewhere using a facility or means of interstate and/or foreign commerce. On one occasion, Defendant manipulated the minor Plaintiff to pose nude for him and photographed her using several rolls of film. One or

Podhurst Orseck, P.A.   7

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

more of those nude photographs of Plaintiff that were taken by the Defendant when she was a minor were confiscated by the Palm Beach Police Department during its execution of a search warrant of Defendant's Palm Beach mansion on October 20, 2005.

22. Defendant was particularly skillful at discerning his minor victims' respective hopes, dreams, and ambitions. As he did with many of his victims, Defendant lured Plaintiff early-on with modeling opportunities, impressing her with his modeling business and contacts with supermodels, indicating that he could help her with a modeling career.

23. Knowing that the minor Plaintiff was an excellent student and desired to attend New York University or Columbia University, Defendant pretended to show great interest in her college admission, and offered to help her with her applications and to assist her with her tuition. Defendant had told Plaintiff of his substantial connections within the academic community, a matter about which he often bragged. Defendant took it upon himself to take control of Plaintiff's college application process and led Plaintiff to believe that he was sincere about helping her. Even though she had earned a Bright Futures Scholarship to the Florida college of her choice, Defendant insisted that she would not need it, and that, with his involvement, she would be admitted into one or both of the universities in New York. As a result of Defendant's manipulation, Plaintiff did not apply timely for the Bright Futures Scholarship or to any college, and therefore missed the fall semester of her freshman year. When the Palm Beach Police Department executed the search warrant on Defendant's mansion, among the artifacts found and confiscated were Plaintiff's high school transcript.

24. In June 2008, after an investigation by the Palm Beach Police Department, the State Attorney's Office, the Federal Bureau of Investigation, and the United States Attorney's Office, Defendant entered pleas of "guilty" to one count of solicitation of prostitution, in

Podhurst Orseck, P.A.                                8

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

violation of Fla. Stat. § 796.07, and one count of solicitation of a minor to engage in prostitution, in violation of Fla. Stat. § 796.03 in the Fifteenth Judicial Circuit in Palm Beach County, Florida.

25. As a condition of that plea, Defendant entered into a Non-Prosecution Agreement, Addendum, and Affirmation (collectively, the "NPA") with the United States Attorney's Office for the Southern District of Florida on September 24, 2007, October 29, 2007, and December 7, 2007, respectively. In so doing, Defendant acknowledged that Plaintiff was one of his victims and agreed to the following provisions of the NPA :

> 8. If any of the [acknowledged victims] elects to file suit pursuant to 18 U.S.C. §2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over his person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount agreed to between the identified individual and Epstein, so long as the identified individual elects to proceed exclusively under 18 U.S.C. §2255, and agrees to waive any other claim for damages, whether pursuant to state, federal or common law.
>
> 10. *Except as to those individuals who elect to proceed exclusively under 18 U.S.C. §2255*, as set forth in paragraph (8), *supra*, neither Epstein's signature on this agreement, nor its terms, nor any resulting waivers or settlements by Epstein are to be construed as admissions of evidence or evidence of civil or criminal liability or a waive of any jurisdictional or other defense as to any person, whether or not her name appears on the list provided by the United States (emphasis added).

26. Plaintiff was among the individuals identified by the United States Attorney's Office as victims of Defendant upon whose testimony it intended to base its federal prosecution of Defendant for his illegal conduct. Consequently, Defendant is estopped by his state court plea and the Non-Prosecution Agreement from denying the acts alleged in this Complaint and must effectively admit liability to Plaintiff, Jane Doe No. 103.

**COUNT ONE**

Podhurst Orseck, P.A.    9

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

### (Cause of Action for Coercion and Enticement of Minor to Engage in Prostitution or Sexual Activity pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2422(b))

27. Plaintiff hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. Defendant used a facility or means of interstate and/or foreign commerce to knowingly persuade, induce, entice, or coerce Plaintiff, when she was under the age of 18 years, to engage in prostitution and/or sexual activity for which any person can be charged with a criminal offense, or attempted to do so, pursuant to 18 U.S.C. § 2255 in violation of 18 U.S.C. § 2422(b).

29. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

30. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

Podhurst Orseck, P.A.                                             10

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

**COUNT TWO**
**(Cause of Action for Travel with Intent to Engage in Illicit Sexual Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2423(b))**

31. Plaintiff hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

32. Defendant traveled in interstate and/or foreign commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, including the then minor Plaintiff, in violation of 18 U.S.C. § 2423(b).

33. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

34. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn

Podhurst Orseck, P.A.

11

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT THREE
### (Cause of Action for Sexual Exploitation of Children pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2251)

35. Plaintiff hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

36. Defendant knowingly persuaded, induced, enticed, or coerced the then minor Plaintiff to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251.

37. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

38. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical

Podhurst Orseck, P.A.                                              12

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT FOUR
### (Cause of Action for Transport of Visual Depiction of Minor Engaging in Sexually Explicit Conduct pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252(a)(1))

39. Plaintiff hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

40. Defendant knowingly mailed, transported, shipped, or sent via computer and/or facsimile in or affecting interstate and/or foreign commerce at least one visual depiction of the minor Plaintiff engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1).

41. Defendant transported lewd photographs of Plaintiff and other victims elsewhere using a facility or means of interstate and/or foreign commerce.

42. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

43. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment,

Podhurst Orseck, P.A.    13

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT FIVE
### (Cause of Action for Transport of Child Pornography pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(a)(1))

44. Plaintiff hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

45. Defendant knowingly mailed, transported, shipped, or sent via computer and/or facsimile in or affecting interstate and/or foreign commerce child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

46. Defendant transported lewd photographs of Plaintiff and other victims elsewhere using a facility or means of interstate and/or foreign commerce.

47. Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

Podhurst Orseck, P.A.  14

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

48. As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages, attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT SIX
### (Cause of Action for Engaging in a Child Exploitation Enterprise pursuant to 18 U.S.C. § 2255 in Violation of 18 U.S.C. § 2252A(g))

49. Plaintiff hereby adopts, repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 26 above and Counts One through Five above.

50. Defendant knowingly engaged in a child exploitation enterprise, as defined in 18 U.S.C. § 2252A(g)(2), in violation of 18 U.S.C. § 2252A(g)(1). As more fully set forth above, Defendant engaged in actions that constitute countless violations of 18 U.S.C. § 1591 (sex trafficking of children), Chapter 110 (sexual exploitation of children in violation of 18 U.S.C. §§

Podhurst Orseck, P.A.                                             15

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

2251, 2252(a)(1), and 2252(A)(a)(1)), and Chapter 117 (transportation for illegal sexual activity in violation of 18 U.S.C. §§ 2421, 2422(b), and 2423(b)). As more fully set forth above in paragraphs 1 through 26, Defendant's actions involved countless victims and countless separate incidents of sexual abuse, which he committed against minors, including Plaintiff, in concert with at least three other persons.

51.    Plaintiff was a victim of one or more offenses enumerated in 18 U.S.C. § 2255, and, as such, asserts a cause of action against Defendant pursuant to this Section of the United States Code.

52.    As a direct and proximate result of the offenses enumerated in 18 U.S.C. § 2255 being committed against the then minor Plaintiff by Defendant, Plaintiff has in the past suffered, and will in the future continue to suffer, physical injury, pain and suffering, emotional distress, psychological and/or psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of educational opportunities, loss of self-esteem, loss of dignity, invasion of her privacy, separation from her family, and other damages associated with Defendant's manipulating and luring her into a perverse and unhealthy way of life. The then minor Plaintiff incurred medical and psychological expenses, and Plaintiff will in the future incur additional medical and psychological expenses. Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages available under 18 U.S.C. § 2255, including, without limitation, actual and compensatory damages,

Podhurst Orseck, P.A.    16

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

attorney's fees, costs of suit, and such other further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Date: *February 23*, 2010.

Respectfully Submitted,

By: *Robert C. Josefsberg by KWE*
Robert C. Josefsberg
Bar No. 040856
Katherine W. Ezell
Bar No. 114771
Podhurst Orseck, P.A.
25 West Flagler St., Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
Fax: (305) 358-2382
rjosefsberg@podhurst.com
kezell@podhurst.com
*Attorneys for Plaintiff*

# CIVIL COVER SHEET

JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**10-80309**

WPZ 101 8042

FILED by EB D.C.
FEB 23 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA - MIAMI

## I. (a) PLAINTIFFS
Jane Doe No. 103

**DEFENDANTS**
Jeffrey Epstein

**(b)** County of Residence of First Listed Plaintiff: West Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: United States Virgin Islands
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert C. Josefsberg, Esq./Katherine W. Ezell, Esq.
Podhurst Orseck, P.A.
25 W. Flagler St., Suite 800
Miami, FL 33130

Attorneys (If Known)
Robert D. Critton, Esq., Burman, Critton, Luttier & Coleman, LLP,
303 Banyan Blvd., Suite 400, West Palm Beach, FL 33401

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page)
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☒ YES ☐ NO
JUDGE Kenneth A. Marra     DOCKET NUMBER See Attached.

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 2255 (Predicate Statutes 18 U.S.C. 2422(b), 2423(b), 2423(e), 2251, 2252, 2252A(a)(1), 2252A(g)(1)

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No
Sealed

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD: s/ Katherine W. Ezell
DATE: 2/23/10

FOR OFFICE USE ONLY
AMOUNT 350.00     RECEIPT # 101 8042     IFP
2/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**ATTACHMENT TO CIVIL COVER SHEET**
**FOR: Jane Doe 103 v. Jeffrey Epstein**

VI. RELATED PENDING CASES

08-80119 - KAM
08-80232 - KAM
08-80380 - KAM
08-80381 - KAM
08-80811 - KAM
08-80893 - KAM
08-80993 - KAM
08-80994 - KAM
09-80469 - KAM
09-80802 - KAM
09-81092 - KAM